**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **CLIFFORD LEIGH,** | |
| **Plaintiff,** | **CASE NO. 19-cv-00899** |
| **v.** | |
| **OSPREY'S DOMINION** **VINEYARDS, LTD.,** | **Jury Trial Demanded** |
| **Defendant.** | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, CLIFFORD LEIGH, an individual residing in New York, by and through undersigned counsel, brings this Complaint against Defendant, OSPREY'S DOMINION VINEYARDS, LTD., a New York LLC, for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.     Plaintiff CLIFFORD LEIGH ("Leigh") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Leigh's original copyrighted works of authorship in logo and advertising materials.

2.     Leigh is an artist residing in New York.

3.     Defendant is a winery and vineyard in Long Island, New York.

4.     Defendant wanted a mural painted on their premises and Leigh created a painting of an Osprey (The "Work") for Defendant.



5.      Defendant obtained the physical copy of the Work for display at its vineyard.

6.      Leigh has never authorized that Defendant may use or copy the Work without his

permission, other than displaying the singular physical copy of the Work at Defendant's

vineyard.

7.      Defendant, without authorization copied the Work and used the Work substantially for

the marketing, sale and promotion of its wines and its vineyard.

8.      Defendant has reproduced and distributed the Work by making additional large-scale

copies of the Work for display at the Vineyard and using the Work in connection with its brand

on its products, including but not limited to using the work on wine labels, mugs, and as a logo

on all of its wine bottle corks.

9.      Defendant has incorporated the Work as the central feature of its primary unregistered

trademark and logo, as shown below:



**JURISDICTION AND VENUE**

10.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

11.     This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. §
1121 and 28 U.S.C. §§ 1331 and 1338(a).

12.     Defendant is subject to personal jurisdiction in New York.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because
the events giving rise to the claims occurred in this district, Defendant engaged in infringement
in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction
in this district.

## DEFENDANT

14.     OSPREY'S DOMINION VINEYARDS, LTD. ("ODV"), is a New York LLC licensed
by the New York Department of State, ID # 1673970. ODV's principal address is located 44075
Main Rd., Peconic Long Island, NY 11958.

## THE COPYRIGHTED WORK AT ISSUE

15.    In 1996, Leigh created a painting, entitled "Osprey Mural," which is shown above and
in Exhibit 1 hereto and referred to as the "Osprey Mural."

16.    In 1996, ODV commissioned a mural to be painted on the side of one of their
buildings.

17.    In 1996, Leigh's painting was in response to ODV's commission.

18.    In 1996, ODV opted not to move forward with commissioning a mural from Leigh. To
recoup Leigh for time and expenses spent on his submission of Osprey Mural, ODV purchased
the physical painting from Leigh for $800.00 for display in its vineyard.

19.    Leigh did not grant any licensing rights to copy Osprey Mural during this transaction
nor authorize ODV to copy, reproduce, distribute, or use the Osprey Mural in any way apart
form the display of the singular physical painting.

20.    On September 28, 2010, Leigh registered Osprey Mural with the Register of

Copyrights, and was assigned the registration number VAu 1-042-083. The Certificate of

Registration is attached hereto as Exhibit 2.

## INFRINGEMENT BY DEFENDANT

21.    In 2010, Leigh became aware of ODV using copies of Osprey Mural at their vineyard,

in their logo, on their products, and in advertising materials physically and digitally.

22.    On January 11, 2011, Leigh obtained counsel to send a letter by certified mail to ODV

notifying ODV that they were violating Leigh's rights.

23.    ODV did not respond to the January 2011 letter.

24.    On February 16, 2011, Leigh's counsel sent another letter by certified mail to ODV

requesting a response and notifying ODV that they were continuing to violate Leigh's rights.

25.    ODV did not respond to the February 2011 letter.

26.    The Defendant has never been licensed to copy the work at issue in this action for any

purpose.

27.    On a date after the work at issue was created, but prior to the filing of this action,

Defendant copied the work.

28.    Defendant copied Leigh's copyrighted work without Leigh's permission.

29.    After Defendant copied the work, they made further copies and distributed the works

on their website, their logo, their wine bottles, their wine corks, and their advertising materials

such as flyers.

30.    Defendant copied and distributed Leigh's copyrighted work and created additional

derivative works in connection with Defendant's vineyard for purposes of advertising and

promoting the vineyard, its wines and its merchandise.

31.   Leigh's work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret.

32.   Despite notice from Leigh, Defendant has continuously engaged in its infringing activity to date, and has committed copyright infringement of Osprey Mural continuously within the past three years as evidenced by the documents attached hereto as Exhibit 3.

33.   OVD has, for the past three years, continuously used the Work as the central feature of its primary unregistered trademark and logo.  The below screenshot is true and correct copy of the homepage of Osprey's Dominion website, taken February 14, 2019.



34.   Leigh never gave Defendant permission or authority to copy, distribute or display the work at issue in this case, or create derivative works of the work.

**COUNT 1**
**COPYRIGHT INFRINGEMENT**
**AGAINST DEFENDANT**

35.   Plaintiff Leigh incorporates the allegations of paragraphs 1 through 32 of this complaint as if fully set forth herein.

36.   Leigh owns a valid copyright in the work at issue in this case.

37.    Leigh registered the work at issue in this case with the Register of Copyright pursuant to 17 U.S.C. § 411(a).

38.    Defendant copied, displayed, and distributed, for commercial and promotional purposes, the work at issue in this case and made derivatives of the work without Leigh's authorization in violation of 17 U.S.C. § 501 within the past three years.

39.    Defendant performed the acts alleged in the course and scope of their sales activities.

40.    Leigh has been damaged.

41.    The harm caused to Leigh has been irreparable.


WHEREFORE, the Plaintiff prays for judgment against Defendant ODV that:

a.        Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.        Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, as provided in 17 U.S.C. § 504;

c.        Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.        Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e.        Plaintiff be awarded prejudgment interest; and

f.        Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 14, 2019                Respectfully submitted,


/s/  Joseph A. Dunne
JOSEPH A. DUNNE (JD0674)
joseph.dunne@sriplaw.com
JOEL B. ROTHMAN (JR0352)
joel.rothman@sriplaw.com
JONAH A. GROSSBARDT (JG5854)
jonah.grossbardt@sriplaw.com

**SRIPLAW**
125 Maiden Lane
Suite 5C
New York, NY  10038
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Attorney for Plaintiff Clifford Leigh*